# Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest to Magistrate Judge Brown

Case Name and Docket Number:   **Jing Li, et al. v. Tao Chen, et al.**
                               **18-CV-571 (JS) (GRB)**

Before the undersigned, on referral from the Honorable Joanna Seybert, is plaintiff's motion for default judgment.  *See* Electronic Order dated October 31, 2018.  Plaintiffs seek default judgment against defendants Tao Chen a/k/a Chao Chen a/k/a Tony Chen ("Chen"), Tao's Food Corp. d/b/a Tao's Bakery and Dim Sum,[1] Tao's Peking Duck House II Inc., and Tao's Fusion Inc.  DE 18.  Plaintiffs do not seek default judgment against defendants Shuping Lin and Sweet Mandarin Inc., who entered into a settlement agreement with plaintiffs which was so-ordered by the Court.  DE 23; DE 24.  However, plaintiffs have filed a motion for judgment against Lin and Sweet Mandarin Inc. for violation of that settlement agreement.  DE 26.  Having reviewed all of the moving papers, I hereby find as follows:

*Service of Process and Default*

X The record reflects that proper service was made on:
- Chen [DE 8]
- Tao's Food Corp. d/b/a Tao's Bakery and Dim Sum [DE 12]
- Tao's Peking Duck House II Inc. [DE 11]
- Tao's Fusion Inc. [DE 10]

X According to the record, no answer, motion or other appearance was filed on behalf of these defendants.

X The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a) [DE 16]

*Liability*

A defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party."  *Vt. Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  Nevertheless, the court is "required to determine whether the [plaintiffs'] allegations establish [defendants'] liability as a matter of law."  *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon examination of the complaint and motion papers, I find that plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the defendant's liability on the following cause(s) of action:

| | |
|---|---|
| Count I: | Federal Minimum Wage and Overtime Violations |
| Count II: | New York State Earned Wage Violations |
| Count III: | New York Minimum Wage, Overtime and "Spread-of-Hours" Violations |
| Count IV: | New York State Initial Hiring Notice Violation |
| Count V: | New York State Wage Notice Violation |

*Damages*

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).  "On a motion for default judgment, a plaintiff has the burden to prove damages to the court with reasonable certainty."  *United States v. Ballentine,* No. 16-CV-6066 (RRM),

---

[1] Tao's Food Corp. was originally sued as a John Doe corporation; however, plaintiffs amended their complaint after this motion to list the proper legal entity.  *See* DE 19.  There is no indication that this resulted in a lack of notice to the proper entity.  *See id.*

2017 WL 1653436, at *2 (E.D.N.Y. May 1, 2017) (internal quotation marks and citations omitted). Where, as here, defendants are held jointly and severally liable, [DE 21, ¶¶ 68, 73, 77, 81, 85], and not all defendants have defaulted, "the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Pennacchio v. Powers,* No. 05 CV 985 (RRM)(RML), 2010 WL 3767141, at *7 (E.D.N.Y. Aug. 9, 2010), *adopted by* 2010 WL 3744052 (E.D.N.Y. Sept. 20, 1010) (collecting cases); *see Official Committee of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman,* No. 13-CV-5475 (JS)(AKT), 2017 WL 3981299, at *2 (E.D.N.Y. Sept. 11, 2017) ("The majority of courts in this district have abided by the general rule that "where . . . an action against several defendants charges them with joint and several liability and where fewer than all defendants are in default, the preferred practice is to defer the damages inquest until after the disposition of the claims against the non-defaulting defendants.") (citations omitted); *see also KBM Worldwide, Inc. v. Hangover Joe's Holding Corp.*, No. 15-CV-7254 (ADS) (GRB), 2018 U.S. Dist. LEXIS 149162 (E.D.N.Y. Aug. 29, 2018), *adopted by* 2018 U.S. Dist. LEXIS 157312. Accordingly, the undersigned respectfully recommends that the assessment of damages be deferred pending the disposition of plaintiffs' claims against defendants Lin and Sweet Mandarin Inc. *See* DE 26.

*Objections*

Therefore, the undersigned respectfully recommends that the Court enter judgment against defendants Chen, Tao's Food Corp. d/b/a Tao's Bakery and Dim Sum, Tao's Peking Duck House II Inc., and Tao's Fusion Inc., but defer an assessment of damages pending the disposition of plaintiffs' claims against defendants Lin and Sweet Mandarin Inc.

*Objections*

A copy of this Report and Recommendation is being provided to plaintiffs' counsel via ECF. Furthermore, the Court directs plaintiffs (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown                                           02/27/2019

GARY R. BROWN, United States Magistrate Judge              Date