# Report and Recommendation Upon Referral of an Inquest to Magistrate Judge Brown

Case Name and Docket Number: *Jing Li, et al. v. Tao Chen, et al.*, **No. 18-CV-571 (JS)(GRB)**

*Procedural Background*

Plaintiffs Jing Li, Feng Ying Zhao, Yan Ming Wang, Rui Wang, Jing Hei, and Zhi Fa Jin commenced this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by filing a complaint on January 26, 2018.  Docket Entry ("DE") 1.  On August 16, 2018, plaintiffs moved for default judgment against defendants Tao Chen, a.k.a. Chao Chen, a.k.a. Tony Chen ("Chen"), Tao's Food Corp., d.b.a. Tao's Bakery and Dim Sum ("Tao's Food Corp."),[1] Tao's Peking Duck House II Inc., and Tao's Fusion Inc. (collectively "Defaulting Defendants").  DE 18.  On October 31, 2018, the Honorable Joanna Seybert, United States District Judge, referred the default judgment motion to the undersigned for report and recommendation.  Electronic Order dated Oct. 31, 2018.

Plaintiffs did not move for default judgment against defendants Shuping Lin ("Lin") and Sweet Mandarin Inc. as those defendants entered into a settlement agreement with the plaintiffs whereby defendant Lin would pay plaintiffs Jing Li, Feng Ying Zhao, Yan Ming Wang, and Zhi Fa Jin, and those plaintiffs would release defendants Lin and Sweet Mandarin Inc. from the lawsuit.  DE 23.  That settlement agreement was so-ordered by the Court.  DE 23, 24.  Plaintiffs filed a motion for judgment against defendants Lin and Sweet Mandarin Inc. based upon a violation of that settlement agreement.  DE 26.

On February 27, 2019, the undersigned respectfully recommended that the Court enter judgment against Defaulting Defendants, but defer assessment of damages pending the disposition of plaintiffs' claims against defendants Lin and Sweet Mandarin Inc.  DE 27.  On March 28, 2019, the Court entered judgment for defendant Lin to pay damages, plus prejudgment interest to plaintiffs Jing Li, Feng Ying Zhao, Yan Ming Wang, and Zhi Fa Jin.  DE 33.

On March 29, 2019, the Court adopted the undersigned's report and recommendation, and referred to the undersigned the matter of assessing damages against the Defaulting Defendants.  Order dated Mar. 29, 2019.  On April 5, 2019, plaintiffs filed the instant motion for damages against the Defaulting Defendants.  DE 37.  Since the claims against defendants Lin and Sweet Mandarin Inc. have been resolved, the undersigned makes findings herein as to the full and complete damages owed.

*Damages*

Plaintiffs move to assess damages against Defaulting Defendants, who are held jointly and severally liable.  DE 27, 37.  As to whether the Defaulting Defendants are owed an offset based on the disposition of plaintiffs' claims against defendants Lin and Sweet Mandarin Inc., courts within this Circuit have held that a defendant in default in an FLSA and NYLL case may not offset any award that plaintiff has already received from another jointly and severally liable defendant because the burden rests upon the defendants to show the extent of an offset, and, as is the case here, the Defaulting Defendants have filed no opposition and submitted no documentation as to offset.  *Kotuwage v. Bilt Petroleum, Inc.*, No. 15-CV-4374 (FB)(ST), 2018 WL 1189332, at *12-13 (E.D.N.Y. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1187397 (E.D.N.Y. Mar. 7, 2018).  Therefore, defendants are not entitled to an offset based on the disposition of claims against defendants Lin and Sweet Mandarin Inc.

"Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages."  *Finkel v. Romanowicz*, 577 F.3d 79, 83 (2d Cir. 2009).  To establish damages upon a default, the movant need only prove that the

---

[1] Tao's Food Corp. was originally sued as a John Doe Corporation; however, plaintiffs amended their complaint after the default judgment motion to list the proper legal entity, and there is no indication that this resulted in a lack of notice to the proper entity.  DE 19.

"compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Natale v. Country Ford Ltd.*, No. CV 10-4128 ADS GRB, 2014 WL 4537501, at *4 (E.D.N.Y. Aug. 20, 2014) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). In an FLSA and NYLL case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimation of hours worked are presumed to be correct. *See, e.g.*, *Reyes v. Cafe Cousina Rest. Inc.*, No. 18-CV-1873 (PAE)(DF), 2019 WL 5722475, at *3 (S.D.N.Y. Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 5722109 (S.D.N.Y. Oct. 7, 2019).

Based upon a review of affidavits and other documentary evidence, *see generally* DE 18 & 38, I find that plaintiff has established damages in the following amount(s):

**Table A**

|  | Jing Li | Feng Ying Zhao | Yan Ming Wang | Rui Wang | Jing Hei | Zhi Fa Jin |
|---|---|---|---|---|---|---|
| **NYLL Minimum Wage + Overtime[2]** | $1,490.00 | $5,721.71 | $8,944.62 | $22,024.66 | $20,693.27 | $20,858.31 |
| **NYLL Spread of Hours[3]** | $90.00 | $660.00 | $960.00 | $2,378.00 | $2,226.00 | $2,167.00 |
| **Actual Damages** | $1,580.00 | $6,381.71 | $9,904.62 | $24,402.66 | $22,919.27 | $23,025.31 |

**Table B**

|  | Jing Li | Feng Ying Zhao | Yan Ming Wang | Rui Wang | Jing Hei | Zhi Fa Jin |
|---|---|---|---|---|---|---|
| **Actual Damages[4]** | $1,580.00 | $6,381.71 | $9,904.62 | $24,402.66 | $22,919.27 | $23,025.31 |
| **NYLL Liquidated Damages[5]** | $1,580.00 | $6,381.71 | $9,904.62 | $24,402.66 | $22,919.27 | $23,025.31 |

---

[2] Plaintiff cannot recover under both the FLSA and NYLL for minimum wage and overtime claims. *Canaveral v. Midtown Diner NYC, Inc.*, No. 19-CV-635 (GBD)(JLC), 2019 WL 6170058, at *2 (S.D.N.Y. Nov. 19, 2019). However, plaintiff is entitled to recover under NYLL when it provides for greater relief than the FLSA, which is what plaintiffs seek here. *Id.*; *Baizan Guerrero v. 79th St. Gourmet & Deli Inc.*, No. 18-CV-04761(ARR)(ST), 2019 WL 4889591, at *7 (E.D.N.Y. Sept. 10, 2019), *report and recommendation adopted,* 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019); *see* DE 18-1 at 9.
[3] Under New York law, when the interval between the beginning and end of an employee's workday exceeds 10 hours, including the time off for meals and intervals off-duty, an employee shall receive one additional hour of pay at the basic minimum hourly rate. 12 N.Y.C.R.R. § 146-1.6(a).
[4] From Table A
[5] Both the FLSA and NYLL provides for liquidated damages of 100%. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). However, the Second Circuit has held that while courts cannot grant both FLSA and NYLL liquidated damages, it can grant the "larger of the two liquidated damages awards." *Rana v. Islam*, 887 F.3d 118, 122-23 (2d

| NYLL Notice Violations[6] | $0.00 | $8,300.00 | $9,800.00 | $10,000.00 | $10,000.00 | $10,000.00 |
| Total Principal Damages | $3,160.00 | $21,063.42 | $29,609.24 | $58,805.32 | $55,838.54 | $56,050.62 |

*Prejudgment Interest*

Plaintiffs seek prejudgment interest of the unpaid wages, overtime wages, and spread-of-hours pay under NYLL.  DE 18-1 at 13.  NYLL permits recovery of both liquidated damages and prejudgment interest.  *See Caltenco v. G.H. Food Inc.*, No. 16 CIV. 1705 (VMS), 2019 WL 4784065, at *14 (E.D.N.Y. Sept. 30, 2019); *Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963 (WFK), 2019 WL 1549033, at *12 (E.D.N.Y. Feb. 22, 2019), *report and recommendation adopted*, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019).  Under NYLL, prejudgment interest is available for unpaid wages, unpaid overtime, spread-of-hour wages, but not for liquidated damages, *Fan*, 2019 WL 1549033, at *12, and not for notice violations.  *Caltenco*, 2019 WL 4784065, at *14.

Under New York law, prejudgment interest is calculated at a rate of 9% per annum.  *Fan*, 2019 WL 1549033, at *13.  Where damages were incurred at various times, interest shall be computed from a single reasonable intermediate date, which courts compute as the "midpoint" of plaintiff's employment, until the date that final judgment is entered.  *Caltenco*, 2019 WL 4784065, at *14; *Fan*, 2019 WL 1549033, at *13.

Therefore, the undersigned finds that the following plaintiffs are entitled to recover prejudgment interest from the midpoint date of plaintiffs' employment until the date of final judgment, consistent with the following table:

**Table C**

|  | **Jing Li** | **Feng Ying Zhao** | **Yan Ming Wang** | **Rui Wang** | **Jing Hei** | **Zhi Fa Jin** |
|---|---|---|---|---|---|---|
| **Actual Damages**[7] | $1,580.00 | $6,381.71 | $9,904.62 | $24,402.66 | $22,919.27 | $23,025.31 |
| **Midpoint**[8] | 02/11/17 | 03/17/17 | 04/04/17 | 03/06/17 | 03/08/17 | 02/05/17 |
| **Daily Rate**[9] | $0.39 | $1.57 | $2.44 | $6.02 | $5.65 | $5.68 |

*Attorneys' Fees and Costs*

Under the FLSA, 29 U.S.C. § 216(b), and NYLL § 198, a prevailing plaintiff may recover reasonable attorneys' fees and costs.  *See Tackie v. Keff Enter. LLC*, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *7 (S.D.N.Y. Sept. 16, 2014); *see also Gonsalez v. Marin*, No. 12-CV-1157 (ENV)(RML), 2014 WL 2514704, at *13

---

Cir. 2018).  Here, all plaintiffs seek the liquidated damages under NYLL since those damages are the larger of the two liquidated damages awards.  DE 18-1 at 12.

[6] If an employee is not provided a notice pursuant to NYLL § 195(1) within ten business days of the employee's first day of employment, the employee can recover damages of $50 per workday up to a maximum of $5,000.  N.Y. Lab. Law § 198(1-b).  Furthermore, if an employee does not receive a statement with every payment of wages as required under NYLL § 195(3), that employee may recover damages of $250 per workday up to a maximum of $5,000.  N.Y. Lab. Law § 198(1-d).

[7] From Table A

[8] *See* DE 38 at ¶¶14-20.

[9] The daily rate is 9% times actual damages, divided by 365 days.  *See, e.g., Caltenco*, 2019 WL 4784065, at *14.

(E.D.N.Y. Apr. 25, 2014).  In default judgment cases under the FLSA and NYLL, courts have awarded attorney's fees and costs pursuant to the lodestar method.  *Rosendo v. Everbrighten, Inc.*, No. 13 Cv. 7256 (JGK), 2015 WL 4557147, at *7 (S.D.N.Y. July 27, 2015); *Fermin*, 93 F. Supp. 3d at 51; *Jaramillo v. Banana King Rest.*, No. 12-CV-5649 (NGG)(RML), 2014 WL 2993450, at *8-9 (E.D.N.Y. July 2, 2014); *Castellanos v. Deli Casagrande Corp.*, No. CV 11-245 (JFB)(AKT), 2013 WL 1207058, at *9 (E.D.N.Y. Mar. 7, 2013).  Requests for attorney's fees and costs "must be accompanied by contemporaneous time records," *Fermin*, 93 F. Supp. 3d at 51; *Becerra v. Well Maid Cleaning Enter., Inc.*, No. 14-CV-3147 (JFB)(AYS), 2015 WL 7573214, at *9 (E.D.N.Y. Nov. 24, 2015).

Here, plaintiff seeks $12,620.00 in attorneys' fees, and $2,732.80 in costs.  DE 38 at ¶ 22.  Plaintiff submitted contemporaneous time records for attorneys' fees, DE 18-15, and a summary of costs, DE 18-17.

*Attorney's Fees*

| Provider Type | Presumptive Maximum Rate[10] | Rate Sought | Estimated Hours[11] | Approved Fees |
|---|---|---|---|---|
| Partner Windels, James | $300-400[12] | $350.00 | 1.8 | $630.00 |
| Associate Gopalan, Surya | $100-300[13] | $250.00 | 8 | $2,000.00 |
| Associate Cohn, Joshua | $100-300 | $250.00 | 19.8 | $4,950.00 |
| Associate Wu, Serena | $100-300 | $200.00 | 18.2 | $3,640.00 |
| Associate Kozlowski, Anna | $100-300 | $200.00 | 7 | $1,400.00 |
| **Total Attorneys' Fees** | | | | **$12,620.00**[14] |

---

[10] The presumptive maximum rate is based upon current case law in the Eastern District of New York and the Second Circuit.

[11] *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. CV 2012-1264 CBA MDG, 2014 WL 1310296, at *12 (E.D.N.Y. Mar. 11, 2014) *report and recommendation adopted,* No. 12-CV-1264 CBA MDG, 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014) (finding 56.8 hours reasonable where the court held an inquest hearing in the FLSA and NYLL case); *see also Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306 (S.D.N.Y. 2014) (32.7 hours); *Musa v. Badero*, No. 14-CV-3600 (LDW) (GRB), DE 18 (recommending 45.3 hours).

[12] *Singh v. A & A Mkt. Plaza, Inc.*, No. CV 15-7396 (AKT), 2019 WL 4861882, at *8 (E.D.N.Y. Sept. 30, 2019).

[13] *Perez v. Pino Grocery Corp.*, No. 17-CV-2965 (RRM), 2018 WL 4138935, at *9 (E.D.N.Y. Apr. 16, 2018), *report and recommendation adopted*, 2018 WL 4119236 (E.D.N.Y. Aug. 29, 2018).

[14] The attorneys' fee appears reasonable compared to amounts awarded in this district.  *See, e.g.*, *Marquez v. La Fonda de Don Juan, Inc.*, No. 14-CV-6114 (JFB)(GRB) at DE 25 (awarding attorney's fees of $18,000.00 in a FLSA and NYLL default case).

***Costs***[15]

| Item (specify each) | |
|---|---|
| Filing Fee | $400.00 |
| Mail | $210.31 |
| Service of Process | $2,106.00 |
| **Total Costs and Fees** | **$2,732.80** |

*Objections*

      A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

| /s/ Gary R. Brown | December 23, 2019 |
|---|---|
| GARY R. BROWN, United States Magistrate Judge | Date |

---

[15] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees); *Pinzon v. Paul Lent Mech. Sys., Inc.*, No. CV 11-3384 DRH WDW, 2012 WL 4174725, at *6 (E.D.N.Y. Aug. 21, 2012), *report and recommendation adopted,* No. 11 CV 3384 DRH WDW, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012) (approving costs for filing fee of $350.00, process server fees of $225, and translator's fee of $750.00).